**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEREMY BRINK,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; DOE SHERIFF'S DEPUTIES 1-5, Individually; DOE SHERIFF'S NURSES 6-10, Individually, Inclusive<br><br>　　　　　　　　Defendants. | Case No.: 23cv1756 DMS (SBC)<br><br>**ORDER DENYING SECOND MOTION TO DISMISS** |

Pending before the Court is Defendant San Diego County's ("Defendant" or "the County") Motion to Dismiss Counts Three and Five, (ECF No. 18), from Plaintiff Jeremy Brink's Second Amended Complaint, (("SAC"), ECF No. 17), for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). Plaintiff filed a response in opposition, (ECF No. 20), and Defendant filed a reply. (ECF No. 23.) For the reasons set forth below, the Court denies Defendant's motion to dismiss.

**I.　　BACKGROUND**

The background of this case is set forth in detail in the Court's previous Order dated July 3, 2024 (ECF No. 16). *Brink v. Cty. of San Diego*, No. 23CV1756 DMS (SBC), 2024 WL 3315992 (S.D. Cal. July 3, 2024). There, the Court dismissed Plaintiff's ADA and RA claims from the First Amended Complaint (FAC). *Id.* (dismissing with leave to

amend). Plaintiff then filed a SAC, which focuses on fixing defects in his ADA and RA claims.

The SAC clarifies that Plaintiff is suing Nurse Two and Deputy Two in their official capacities for violating the ADA and RA. (SAC ¶¶ 69, 92.) It adds that Nurse Two and Deputy Two reviewed hospital discharge instructions for Plaintiff, and therefore, knew of his disability, need for wheelchair, and ADA compliant cell. (*E.g.*, *id.* ¶¶ 71–72, 94.) And that Nurse Two and Deputy Two belittled Plaintiff's disability and denied him accommodations because they did not believe his condition was severe enough. (*E.g.*, *id.* ¶¶ 73–74.) The SAC alleges that, at bottom, Nurse Two and Deputy Two purposefully denied Plaintiff accommodations for his disability. (*E.g.*, *id.* ¶ 74.)

## II.   LEGAL STANDARD

A party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If Plaintiff "ha[s] not nudged" her "claims across the line from conceivable to plausible," then the complaint "must be dismissed." *Id.* at 570.

In reviewing the plausibility of a complaint on a motion to dismiss, a court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But courts are not "required to accept as true

allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

### III. DISCUSSION

Defendant argues that the ADA and RA claims should be dismissed for two reasons: the SAC does not name the proper defendants and does not state a claim. The Court rejects those arguments and holds that: (A) Plaintiff has named the proper defendants for his ADA and RA claims; (B) the SAC states claims under the ADA and RA; (C) County Counsel should clarify their authority to represent doe defendants in future motions.

**A. Plaintiff has named proper defendants for his ADA and RA claims.**

First, Defendant argues that the ADA and RA claims should be dismissed because Plaintiff cannot allege individual liability under the ADA and RA. (ECF No. 18-1 at 4.) Defendant's argument fails for two reasons. First, it does not address Plaintiff's allegations. Plaintiff alleges that Nurse Two and Deputy Two violated the ADA and RA in their official capacities—not their individual capacities. (SAC ¶¶ 69, 92.) Second, ADA and RA claims against defendants in their official capacity are permitted. *See Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1187–88 (9th Cir. 2003). Thus, the Court will not dismiss the SAC based on Defendant's first argument.

**B. Plaintiff has stated a claim under the ADA and RA.**

Next, Defendant argues that Plaintiff's ADA and RA claims should be dismissed. (ECF No. 18-1 at 3; ECF No. 23 at 2.) For the reasons below the Court finds that the SAC states a claim under the ADA and RA.

To state a claim under Title II of the ADA, the plaintiff must allege:

> (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

*Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2010) (the ADA is not violated by a prison's failure to attend to medical needs of disabled prisoners) *rev'd on other grounds*, *Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc). Similarly, to state an RA claim, a plaintiff must allege: "(1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance." *O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1060 (9th Cir. 2007). "There is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act." *Zukle v. Regents of Univ. of Calif.*, 166 F.3d 1041, 1045 and n.11 (9th Cir. 1999).

  Defendant's argument turns on the third element of the RA claim and the fourth element of the ADA claim: whether the denial of benefits was by reason of plaintiff's disability (a.k.a. intentional discrimination). (ECF No. 18-1 at 3; ECF No. 23 at 2.) To prove intentional discrimination plaintiffs may show that defendants acted with deliberate indifference. *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016). Deliberate indifference has two elements: "[1] knowledge that a harm to a federally protected right is substantially likely, and [2] a failure to act upon that likelihood." *Id.* (cleaned up). The first element, knowledge, is established when the plaintiff alerts the defendant to his need for accommodation, the need for accommodation is obvious, or the accommodation is required by statute or regulation. *Id.* at 1207.

  At this stage the SAC satisfies the deliberate indifference standard. First, it alleges that Nurse Two and Deputy Two knew that Plaintiff required a reasonable accommodation, i.e., a wheelchair and wheelchair compliant cell. (SAC ¶¶ 94.) For instance, the SAC alleges that they reviewed hospital discharge instructions explaining that Plaintiff needed certain accommodations. (*Id.*) Next, it alleges that neither Nurse Two nor Deputy Two took action to provide Plaintiff with reasonable accommodations. (*Id.* ¶ 95–97.) As a result, reading the complaint in the light most favorable to Plaintiff, the SAC states a claim under the ADA and RA.

### C. Whether the County has authority to represent doe defendants.

The Court also notes that it is unclear if County Counsel represents the Doe Defendants—or has authority to advance arguments on behalf of them. *See Est. of Hernandez by Miller v. Cty. of San Diego*, No. 24-CV-00032-DMS-DEB, 2024 WL 4357559, at *11 (S.D. Cal. Sept. 30, 2024). An attorney-client relationship can only be created by an express or implied contract. *Shen v. Miller*, 212 Cal. App.4th 48, 57, 150 Cal. Rptr. 3d 783, 789 (Cal. App. 2012). The County of San Diego does have the authority to represent individual doe defendants—but only "**upon request** of an employee or former employee." Cal. Gov't Code § 995 (emphasis added). Here, there is no indication that County Counsel represents the Doe Defendants. For instance, defense counsels' signature block states they are "Attorneys for Defendant County of San Diego." (ECF No. 18-1 at 4.) Because the Court raises this issue sua sponte it cannot determine if an express or implied contract for representation exists, or if the Does asked the County to represent them.[1] Therefore, defense counsel should clarify their authority to represent the unidentified defendants in future motions.

---

[1] Representation of unidentified defendants raises other legal issues. For example, whether the appearance and arguments of County Counsel on behalf of Doe Defendants—who they may not represent—has waived certain defenses available to the Doe Defendants. *See* Fed. R. Civ. P. 12(b)(2)–(5), (h).

## IV. CONCLUSION

For the reasons explained above the Court **DENIES** Defendant's motion to dismiss Count Three and Count Five from the SAC. The Court also **GRANTS** Defendant's' Motion to Withdraw Document. (ECF No. 22.)

**IT IS SO ORDERED**.

Dated:  December 6, 2024

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court